SUMMONS ISSUED

CV-11 6051

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ DEC 1 2 2011 ★

LONG ISLAND OFFICE

IRIZARRY, J.

REYES, JR, M.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------
DOV LOWENBEIN on behalf of himself and
all others similarly situated

                             Plaintiff,

    -against-

RETRIEVAL MASTERS CREDITORS BUREAU, INC.
D/B/A AMCA

                             Defendant.
------------------------------------------------------------

## COMPLAINT CLASS ACTION

### Introduction

1. Dov Lowenbein seeks redress for the illegal practices of, Retrieval Masters Creditors Bureau., INC ("RMCB") concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### Parties

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a consumer debt.

4. Upon information and belief, RMCB d/b/a AMCA is a corporation with its principal place of business located in Elmsford, New York.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## Jurisdiction and Venue

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district since the defendant transacts business in this district and the collection letter was sent into this district.

## Allegations Particular of Dov Lowenbein

9. Upon information and belief, prior to October 31, 2011, the plaintiff received mail correspondence urging him to pay a debt owed to a third party represented by the defendant.

10. On or about October 31, 2011 the plaintiff called the defendant's offices to collect information about the purported debt in question.

11. During the telephone conversation on or about October 31, 2011 with the defendant's representative, the plaintiff attempted to dispute the debt.

12. The defendant's representative refused to be presented by an oral dispute of the debt and demanded that the plaintiff send "a written dispute" providing a "reason" to dispute the debt.

13. The defendant's demand that the plaintiff send a written dispute caused the plaintiff to incur additional charges in violation of 1692f(5).

14. The FDCPA does not require the consumer to provide any reason at all in order to dispute a debt. Sambor v. Omnia Credit Servs., 183 F. Supp. 2d 1234 (D. Haw. 2002);

(Mendez v. M.R.S. Assoc., 2004 WL 1745779 *2 (N.D. Ill. Aug. 3, 2004) (a consumer is entitled to dispute the validity of a debt for a good reason, a bad reason, or no reason at all);

Whitten v. ARS National Servs. Inc., 2002 WL 1050320 *4 (N.D. 111. May 23, 2002) (imposing a requirement that a consumer have a `valid' reason to dispute the debt is inconsistent with FDCPA); Castro v. ARS National Servs., Inc., 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000); Frey v. Satter, Beyer & Spires, 1999 WL 301650 (N.D. Ill. May 3, 1999); DeSantis v. Computer Credit, Inc., 269 f.3d 159 (2nd Cir. 2001); Mejia v. Marauder Corporation, 2007 WL 806486 (N.D. Cal. 2007) (unlawful to suggest that proof of payment required for dispute).

The FDCPA allows the consumer to orally dispute a debt. Brady v. The Credit Recovery Company, Inc.,

160 F.3d 64 (1st Cir. 1998). The FDCPA does not limit the time period for disputing a debt. A consumer can always dispute a debt with a debt collector, regardless of the passage of time.

Credit reporting constitutes an attempt to collect a debt. See, e.g., Rivera v. Bank One. 145 F.R.D. 614, 623 (D.P.R. 1993)(a creditor's report of a debt to a consumer

-3-

reporting agency is a "powerful tool, designed, in part, to wrench compliance with payment terms from its cardholder"); Matter of Sommersdorf, 139 B.R. 700, 701 (Bankr.S.D. Ohio 1991); Ditty v. CheckRite, Ltd., 973 F.Supp. 1320, 1331 (D.Utah 1997).

15. The said debt collection practices as communicated to the plaintiff over a telephone conversation are in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692g(3) and 1692f(5), 1692d by engaging in conduct, the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt; 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt; 1692f by using unfair and unconscionable means to collect or attempt to collect a debt from plaintiff.

16. AMCA and its employees as a matter of procedural practice and pattern never intend to follow through with the validation rights they purportedly provide in the initial communication.

17. AMCA and its employees when receiving written disputes as a matter of procedural practice and pattern do not provide verification of debts since they maintain all disputes in writing must be submitted with a valid reason.

18. AMCA and its employees intentionally denied Dov Lowenbein his dispute rights given to him under the FDCPA.

19. AMCA and its employees wrongfully stated to Dov Lowenbein that he could not orally dispute the debt directly with AMCA.

20. AMCA and its employees wrongfully stated to Dov Lowenbein that he could only dispute a debt in writing.

21. AMCA and its employees wrongfully stated to Dov Lowenbein that he must have a reason to dispute a debt.

22. AMCA and its employees by intentionally denying DOV Lowenbein and any other debtor to dispute the debt orally and with out a valid reason unfairly intimidate and force debtors in to paying disputed debts.

23. Each AMCA employee who spoke with DOV Lowenbein intended to speak the words

    the AMCA employee spoke to DOV Lowenbein.

24. The acts and omissions of AMCA and its employee done in connection with efforts to collect a debt from DOV Lowenbein were done intentionally and wilfully.

25. AMCA and its employees intentionally and wilfully violated the FDCPA and do so as a matter of pattern and practice by not letting any of the class members orally dispute the debt and by maintaining that the debtors have a valid reason to dispute any debt contrary to the FDCPA and the rights given by the defendant purportedly in the validation notice.

26. As an actual and proximate result of the acts and omissions of AMCA and its employees, plaintiff's has suffered actual damages and injury, including but not limited to, fear, stress, mental anguish, emotional stress, acute embarrassment and suffering for which he should be compensated at trial.

## CAUSE OF ACTION

***Violations of the Fair Debt Collection Practices Act brought by the plaintiff on behalf of himself, as against the defendant.***

27. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-14 as if set forth fully in this Cause of Action.

28. This action is brought on behalf of the plaintiff.

29. The Class consists of all persons whom Defendant's records reflect resided in the State of New York and who contacted the defendant via telephone in order to dispute the debt and were told that the defendant does not accept oral disputes, and that disputes must be placed in writing with a reason for the dispute from one of defendant's representatives within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone call was concerning a consumer debt; and (b) that demand over the telephone to consumers to send written documents providing reasons as for why should their debt be disputed were in violation 15 U.S.C. §§ 1692g(3) and 1692e(5).

30. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that telephonic discussions about disputing the debt are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the engaging in telephonic contact being forced to dispute the debt in writing and provide

reasons, (*i.e.* the class members), is a matter capable of ministerial determination from the records of the Defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

31. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

32. If the facts are discovered to be appropriate, the plaintiffs will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

33. Telephonic demands for a consumer to send written disputes of debt provided with reason as why should the debt be disputed, such as those made by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

## *Violations of the Fair Debt Collection Practices Act*

34. The actions of the defendant violate the Fair Debt Collection Practices Act.

35. Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and on behalf of the members of the class, and against the defendant and award damages as follows:

    (a)    Statutory damages and actual damages for the sub-class provided under the FDCPA, 15 U.S.C. 1692(k);

    (b)    Attorney fees, litigation expenses and costs incurred in bringing this action; and

    (c)    Any other relief that this Court deems appropriate and just under the circumstances.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against the defendant and award damages as follows:

    (a) Statutory damages and actual damages provided under the TCPA and injunctive relief;

    (b) Any other relief that this Court deems appropriate and just under the circumstances.

    Dated: Cedarhurst, New York
    December 9, 2011

_____
Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiffs**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411


Plaintiff requests trial by jury on all issues so triable.

_____
Adam J. Fishbein (AF-9508)